IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOROTHY ROMERO,

    Plaintiff,

v.                                                No. 1:22-cv-00527 MIS/GBW

COSTCO WHOLESALE CORPORATION,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART PLAINTIFF'S MOTION FOR REMAND AND COSTS**

THIS MATTER is before the Court on Plaintiff's Motion for Remand and for Costs ("Motion"). ECF No. 8. Defendant Costco Wholesale Corporation responded, and Plaintiff Dorothy Romero replied. ECF Nos. 12, 13. Having considered the parties' submissions, the record, and the relevant law, the Court will grant the Motion in part for the reasons discussed below.

**BACKGROUND**

This case arises from a slip-and-fall accident after Costco employees allegedly failed to properly clean a jam spill. ECF Nos. 8 at 1; 1-2 at 2. Plaintiff initially filed her personal injury Complaint in state court on August 3, 2021, asserting claims against Defendant Costco Wholesale Corporation ("Costco") and then-defendant Richard Gilkey ("Mr. Gilkey"), who is domiciled in New Mexico. ECF No. 1-2 at 1. Plaintiff alleges she is a citizen of New Mexico, ECF No. 1-2 at 1, and Costco alleges it is a citizen of Washington with regard to both its state of incorporation and its state of principal place of business, ECF No. 1 at 4.

On November 4, 2021, Plaintiff filed her First Amended Complaint, alleging, among other things, negligence on the part of Mr. Gilkey. ECF No. 1-4 at 3. On April 28, 2022, however, the state court granted Mr. Gilkey's motion to dismiss him as a party. ECF No. 1-6 at 7. On May 31, 2022, Plaintiff filed a motion to reconsider the order dismissing Mr. Gilkey, which she then withdrew on July 4, 2022. ECF No. 1-9 at 228, 270.

On March 23, 2022, Plaintiff filed a motion for leave to amend her complaint a second time, adding claims against Mr. Gilkey as well as two additional Costco employees and John Does 1–6. *See generally* ECF No. 1-5. The state court held hearing, and on July 11, 2023, denied the motion for leave to amend. ECF No. 1-7 at 1.

Costco then removed this case on July 18, 2022, stating that complete diversity of citizenship exists, that no forum-citizen defendants remain, and that the original joinder of Mr. Gilkey as a forum-citizen defendant was fraudulent. ECF No. 1 at 4. On August 17, 2022, Plaintiff filed the Motion to Remand, asking that the Court remand this case as she alleges Costco's Notice of Removal, ECF No. 1, is both untimely and improper. ECF No. 8 at 1. Plaintiff also requests fees and expenses. *Id.* at 10.

**LEGAL STANDARD**

"A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). A court may examine its subject matter jurisdiction at any time in the proceedings. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). "Because the jurisdiction of federal courts is limited, there is a presumption against [federal court] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Merida Delgado v. Gonzales*, 428

F.3d 916, 919 (10th Cir. 2005) (quoting *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999)). "[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted). According to 28 U.S.C. § 1446(b)(3),

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable.

"[A]ll doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982); *see also Bonadeo v. Lujan*, No. 6:08-cv-0812 JB/ACT, 2009 WL 1324119 at *4 (D.N.M. Apr. 30, 2009) ("Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand."). "[T]here are two types of improperly removed cases: those in which the federal court has no subject matter jurisdiction and those with defects in the removal procedure itself." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999).

## DISCUSSION

Plaintiff argues that Costco's Notice of Removal, ECF No. 1., is both substantively and procedurally improper. ECF No. 8 at 1. Substantively, Plaintiff challenges Costco's assertion of fraudulent joinder. *Id*.; *see also* ECF No. 1 at 4. In terms of procedural defects, Plaintiff alleges that Costco's Notice of Removal was filed 60 days after the removal

deadline had expired and that removal was not consented to by all served defendants. *Id.* The Court will first address Plaintiff's assertion that removal is substantively improper.

**I.      Whether Removal is Improper Due to Lack of True Diversity**

Costco asserts that there is now diversity jurisdiction in the case, as it claims it is a citizen of Washington. ECF No. 1 at 4. Plaintiff argues that Costco has not met the "high burden to prove fraudulent misjoinder," and that because of this "and in light of the presumption in favor of remand," the Court should remand the case. ECF No. 8 at 2. Plaintiff also contends that, to the extent that Costco alleges fraudulent joinder of "John Doe" defendants to defeat removal, this would be impossible as the citizenship of such defendants is disregarded when determining removability. *Id*.

*A.  Whether Joinder was Fraudulent*

Plaintiff contends that removal is improper where a case begins with a forum-citizen defendant, except in the case of voluntary dismissal or fraudulent joinder, neither of which applies here. ECF No. 8 at 8. Plaintiff argues that here, because the state court dismissed Mr. Gilkey as a party after an intricate analysis of state law, removal is improper. *Id.* Plaintiff also contends that Costco's "conclusory statements" that Plaintiff fraudulently joined Mr. Gilkey and other employees does not meet the burden to show fraudulent joinder for purposes of removal. *Id.* at 8–9.

Costco, in turn, argues that Plaintiff's claims against Mr. Gilkey and the other individual defendants amounted to fraudulent joinder "because there was no possibility Plaintiff could establish a cause of action against them under state law." ECF No. 12 at 16. Costco contends that the state court did not engage in an intricate analysis of state law of the sort that would preclude a finding of fraudulent joinder, but that it instead applied

4

straightforward state law which precluded Plaintiff from obtaining recovery against any individual forum-citizen defendants. *Id.* at 17–18.

"[A] change in parties, such as plaintiff's voluntary dismissal of those defendants whose presence destroyed diversity, may make the action removable." *DeBry v. Transamerica Corp.*, 601 F.2d 480, 486–87 (10th Cir. 1979). Under the "voluntary-involuntary test," in general, "a cause cannot be removed where the removability is a result of some development other than a voluntary act of plaintiff," such as "a court order rendered on the merits of the case." *Id.* at 488. However, fraudulent joinder is an exception to the voluntary-involuntary rule, and a defendant may remove either while the fraudulently joined party is still joined or after the state court dismisses it from the case. *Edison Ranch, Inc. v. Mosaic Potash Carlsbad, Inc.*, No. 2:17-cv-0790 JB/CG, 2018 WL 582578, at *9 (D.N.M. Jan. 26, 2018). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

Importantly, however, fraudulent joinder need not involve actual fraud, but may be shown when a plaintiff joins a resident defendant against whom no cause of action is stated, in order to defeat diversity jurisdiction. *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013). Therefore, a defendant may show fraudulent joinder by showing an "inability of the plaintiff to establish a cause of action against the [fraudulently-joined] party in state court." *Dutcher*, 733 F.3d at 988 (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

5

Under New Mexico law, "any act or omission of an officer or an employee of a corporation, within the scope or course of his or her employment, is an act or omission of the corporation." *Bourgeous v. Horizon Healthcare Corp.*, 872 P.2d 852, 855 (N.M. 1994). Individual liability attaches only if that individual "directed, controlled, approved or ratified the activity that led to the injury . . . ." *Stinson v. Berry*, 943 P.2d 129, 133 (N.M. 1997).

Here, the original Complaint failed to state even a conclusory personalized claim against Mr. Gilkey himself. ECF No. 1-2 at 3 (stating only that Mr. Gilkey was the general manager at the time of the incident). Even in the Amended Complaint, Plaintiff fails to allege any particular acts or omissions by the forum-citizen defendant, instead alleging in a conclusory manner that Mr. Gilkey was negligent. ECF No. 1-4 at 3 (alleging only that Mr. Gilkey was the warehouse manager on duty at the time of the accident, that he trained the employees responsible, and that "Defendants' acts and/or omissions resulted in injuries to Plaintiff"). Plaintiff nonetheless argues that the state court's dismissal of Mr. Gilkey involved an "intricate analysis of state law" adequate to defeat a claim of fraudulent joinder. ECF No. 8 at 10. The Court, having examined the state court record, disagrees. *See* ECF Nos. 1-9 at 144–145 (transcript of cursory discussion at hearing on dismissal of Mr. Gilkey); *Bourgeous*, 872 P.2d at 855 (act or omission of employee is act or omission of corporation).

The Court therefore finds that Plaintiff has failed to state a claim against the forum-citizen defendant, and that Mr. Gilkey was thus fraudulently joined.[1] The Court will next address Plaintiff's arguments regarding procedural defects in the notice of removal.

---

[1] The Court does not make any finding as to bad faith, but merely holds that there is no possible theory under which Plaintiff could have recovered under Mr. Gilkey, based on either the original Complaint or the Amended Complaint. Bad faith is not a requirement for a finding of fraudulent joinder. *Compare*

### B. Whether the Notice of Removal was Timely

Plaintiff argues even under Costco's own logic regarding fraudulent joinder, the 30-day deadline for removal must have started running from April 28, 2022, when the state court granted dismissal of forum-citizen defendant Mr. Gilkey. ECF No. 8 at 6. Plaintiff contends that the deadline for removal was thus May 27, 2022, and Costco's Notice of Removal filed July 18, 2022 was untimely. *Id.* Costco, meanwhile, argues that Plaintiff's conduct obscured the removability of the case for months subsequent to April 28, 2022, and that their Notice of Removal was therefore timely. ECF No. 12 at 5. In particular, Costco contends that it only received clear and unequivocal notice of removability when the state court denied Plaintiff's second motion to amend, on July 12, 2022. *Id.* at 5–6.

In general, if the case stated by an initial pleading is removable, a defendant must remove a case within 30 days after receipt of the initial pleading. 28 U.S.C. § 1446 (b)(1). Where the case stated by the initial pleading is *not* removable, however, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C § 1446(b)(3). "The failure to comply with these express statutory requirements

---

*Aguayo*, 59 F. Supp. 3d at 1260 (analyzing "bad faith" as an exception to the one-year removal bar for diversity cases, not under its main fraudulent joinder analysis) *with Brazell*, 525 at 881 ("Fraudulent joinder need not involve actual fraud in the technical sense. Instead, it can occur when the plaintiff joins a 'resident defendant against whom no cause of action is stated' in order to prevent removal under a federal court's diversity jurisdiction.") *and Baeza v. Tibbetts,* No. 6:06-cv-0407 MV/WPL, 2006 WL 2863486, at *3 (D.N.M. July 7, 2006) ("Fraudulent joinder is a term of art. It does not reflect on the integrity of plaintiff or counsel, but rather exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant.").

for removal can fairly be said to render the removal 'defective' and justify a remand." *Huffman*, 194 F.3d at 1077 (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)).

Here, as discussed above, the Court finds that Mr. Gilkey was fraudulently joined to the original pleading. *See* ECF No. 1-2. Therefore, Costco first received notice of removability on August 7, 2021, when Plaintiff served its original Complaint. ECF No. 1-9 at 2; *see*, *e.g.*, *Santos v. Norfolk S. Ry. Co.*, No. CIV.A.08-4521, 2008 WL 4694558, at *6 (E.D. Pa. Oct. 22, 2008) (holding notice of removal untimely where defendant knew of removability based on initial pleading, as opposed to plaintiff's later voluntary dismissal of nondiverse defendant); *Deming v. Nationwide Mut. Ins. Co.*, No. CIV.A. 3:03-CV-1225, 2004 WL 332741, at *5 (D. Conn. Feb. 14, 2004) (holding notice of removal untimely where defendant waited for the state court to dismiss non-diverse defendants, despite claiming the original complaint "clearly did not state even an arguable claim" against them); *Vinson v. Sheraton Operating Corp.*, No. CIV. A. 01-1444, 2001 WL 1090793, at *2 (E.D. La. Sept. 14, 2001) (holding notice of removal untimely where allegation of fraudulent joinder was based solely upon allegations in the initial pleadings); *Delaney v. Viking Freight, Inc.*, 41 F. Supp. 2d 672, 676 (E.D. Tex. 1999) ("Because they were able to detect the fraudulent joinder without any additional information supplied by Plaintiffs, it is evident that removability was first ascertainable when Defendants received Plaintiffs' state court complaint."). The Court finds that, taking into account holidays and weekends, the deadline for timely removal was September 7, 2021—more than ten months prior to the date of removal. *See* ECF No. 1; *see also* Fed. R. Civ. P. 6(a).

To the extent that Costco argues that various other litigation events and conduct by Plaintiff clouded this behavior—including Plaintiff's amending her complaint to include negligence on the part of Mr. Gilkey, filing a motion to reconsider the order dismissing Mr. Gilkey, and filing a motion to amend her complaint a second time—the Court notes that all these events took place well after the deadline to remove the case elapsed on September 7, 2021. *See* ECF Nos. 1-4 at 3; 1-6 at 7; 1-9 at 228, 270; 1-5; 1-7 at 1. The first of these events, for example—Plaintiff's filing of her Amended Complaint—took place in November of 2021, after the deadline to file a notice of removal had already elapsed. *See* ECF No. 1-4. There was thus no ongoing ambiguity which may have tolled the deadline for removal. *See Fajen*, 683 F.2d at 333 ("[A]ll doubts are to be resolved against removal."); *Bonadeo*, 2009 WL 1324119 at *4 ("Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand."); *see also Riverdale Baptist Church v. Certainteed Corp.*, 349 F. Supp. 2d 943, 953–54 (D. Md. 2004) ("The dispositive issue is when Defendant was first able to ascertain that the case was removable, not when the state court first put its stamp on the matter.").

Costco cites *Ramos v. C. Ortiz Corp*, 2:15-cv-980 MV/CG, 2016 WL 10571683 (D.N.M. Jan. 27, 2016), *report and recommendation adopted*, 2016 WL 10571684 (D.N.M. May 20, 2016), for the proposition that the Tenth Circuit does not impose a duty on defendants to "investigate and determine removability where the initial pleading indicates that the right to remove may exist." ECF No. 12 at 10. However, in that case, there was a fact-based ambiguity as to the location of the injury, not a legal impossibility of recovery, as here, where no factual investigation was required to determine fraudulent

joinder. *Ramos,* 2016 WL 10571683 at *4. The ambiguity in *Akin v. Ashland Chem. Co.*, 156 F.3d 1030 (10th Cir. 1998), similarly, involved a factual dispute that was later clarified.

In *Smith v. Farmers Ins. Co. of Arizona,* No. 2:14-cv-1073 MCA/WPL, 2015 WL 13260403 (D.N.M. Dec. 17, 2015), meanwhile, the court found that the removable claim was only clearly stated in the *amended* complaint, whereas here the removability was evident from the original Complaint, which failed to state even a conclusory personalized claim against Mr. Gilkey himself. ECF No. 1-2 at 3 (stating only that Mr. Gilkey was the general manager at the time of the incident).

Costco also cites a case from the Eastern District of New York, *Stemmle v. Interlake Steamship Co.*, 198 F. Supp. 3d 149 (E.D.N.Y. 2016). ECF No. 12 at 11. In that case, however, the court found that both the original complaint and the amended complaint were ambiguous as to the removability of the case. *Stemmle*, 198 F. Supp at 158–165. The Court makes no such finding here.

Here, even the Amended Complaint, which expanded Plaintiff's claims against Mr. Gilkey, would not have created adequate ambiguity to toll the deadline. Indeed, at the February 21, 2022 state court hearing on the Mr. Gilkey's motion to dismiss, Costco's counsel himself noted that even Plaintiff's Amended Complaint included only "bareboned allegations against Mr. Gilkey" and that New Mexico law is "pretty clear that when employees are acting in the course and scope of their employment, that the corporation or the employer will assume all of that liability." ECF No. 1-9 at 143; *see also* ECF No. 12 at 17–19. Costco filed its Notice of Removal on July 18, 2022, one hundred and forty-seven days after the date of the hearing, and eighty-one days after the state court dismissed Mr. Gilkey from the case. ECF No. 1.

To the extent that Costco argues the notice given to it must be "clear and unequivocal", Costco admits, in its briefing, that "New Mexico law is clear that the acts or omissions of a member, officer or employee within the course and scope of employment are the acts or omissions of the employer" and "[i]t is well[-]established [that] an employee cannot be liable for their alleged acts or omissions in connection with their employment." ECF No. 12 at 17. Though Costco does not address Plaintiff's original Complaint in the briefing on Plaintiff's Motion, it admits that "the state court made clear *at the hearing on February 21, 2022*, on Mr. Gilkey's Motion to Dismiss that the legal doctrine of *respondeat superior* precluded Plaintiff from establishing an independent cause of action against Mr. Gilkey." *Id.* at 18 (emphasis added); *see also id.* at 19 (stating that "even the most basic understanding of the doctrine of *respondeat superior*" reveals the removability of this case).

Costco's claimed basis of removal is fraudulent joinder, which the Court finds was evident from Plaintiff's initial Complaint. The Court therefore finds that Costco's Notice of Removal is untimely and the case should be remanded. *Huffman*, 194 F.3d at 1077. Because the Court will grant Plaintiff's Motion for Remand on this ground, the Court will not address Plaintiff's other arguments.

### C. Fees and Expenses

A remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, this award of fees is only appropriate "where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively

11

reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

As discussed above, the Court finds that joinder of the forum-citizen defendant was fraudulent. However, the Court has determined that remand is appropriate based on a procedural defect with the Notice of Removal. The Court therefore declines to find that Costco lacked an objectively reasonable basis for seeking removal, and will not award fees. *See*, *e.g.*, *Archuleta v. Taos Living Ctr., LLC*, 791 F. Supp. 2d 1066, 1082 (D.N.M. 2011) (denying fees upon remand even in the absence of fraudulent joinder).

The Court will therefore **GRANT** Plaintiff's Motion **IN PART** and remand this case to state court.

## CONCLUSION

**IT IS THEREFORE ORDERED** that this entire civil action is **REMANDED** to the First Judicial District Court, County of Rio Arriba, State of New Mexico.[2] Plaintiff's request for attorney's fees is **DENIED.** The Clerk of the Court is hereby **DIRECTED** take the necessary actions to remand the case**.**

**IT IS SO ORDERED.**

*[signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[2] Costco states, in its Notice of Removal, that the case was removed from the First Judicial District Court of Santa Fe County. ECF No. 1 at 1. However, elsewhere in the Notice of Removal, Costco refers to removal from Rio Arriba County, *id.* at 6–7, and from the state record filed by Costco, it is clear that Plaintiff's original Complaint was filed in Rio Arriba County, ECF No. 1-2 at 1. The Court will therefore assume scrivener's error in the first section of the Notice of Removal and grant the relief requested by Plaintiff. *See* ECF No. 8 at 11.